UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
Urbana Division

| | |
|---|---|
| **LUCILLE LANE-SMITH,** | |
| **Plaintiff,** | |
| v. | Case No. 14-2213 |
| **CAROLYN W. COLVIN,** **Acting Commissioner of Social Security,** | |
| **Defendant.** | |

REPORT AND RECOMMENDATION

Plaintiff Lucille Lane-Smith seeks review under 42 U.S.C. § 405(g) of the Social Security Administration's denial of her application for disability insurance benefits. The parties have filed cross motions for summary judgment. For the reasons explained below, Court recommends that Plaintiff's Motion for Summary Judgment **(#19)** be **DENIED**, Defendant's Motion for Summary Judgment **(#22)** be **GRANTED**, and that the decision to deny benefits be affirmed.

I.  Background

On September 13, 2011, Plaintiff filed an application for a period of disability and disability insurance benefits, alleging disability beginning February 1, 2011. Plaintiff's claim was denied initially on October 26, 2011, and upon reconsideration on February 7, 2012. Plaintiff, represented by counsel, appeared and testified at a hearing before an Administrative Law Judge (ALJ), during which the ALJ heard testimony from Plaintiff, Plaintiff's husband, and an impartial vocational expert.

On February 25, 2013, the ALJ issued an unfavorable decision (R. 23-32.) The ALJ found that Plaintiff has the severe impairments of residuals from right breast cancer with reconstructions and iron deficiency anemia (20 CFR 404.1520(c)). (R. 25.) The ALJ determined that Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR

Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525 and 404.1526). Additionally, the ALJ found that Plaintiff has the residual functional capacity (RFC) to perform:

> Sedentary work as defined in 20 CFR 404.1567(a) except she can lift less than 10 pounds occasionally; stand and/or walk for 2 hours in an 8 hour workday; sit for 6 hours in an 8 hour workday; occasionally push or pull with the right upper extremity; never climb ladders, ropes, or scaffolds; and occasionally reach overhead with the right upper extremity.

(R. 26.) The ALJ found that Plaintiff is able to perform her past relevant work as a customer service representative. (R. 31.) Plaintiff filed a Request for Review, which the Appeals Council denied, making the ALJ's ruling the Commissioner's final decision.

Plaintiff argues (1) the ALJ's step three determination was erroneous; (2) the ALJ's RFC determination was erroneous; and (3) the ALJ's credibility determination was patently wrong.

## II. Standard of Review

In reviewing the ALJ's decision, this Court does not try the case *de novo* or replace the ALJ's findings with the Court's own assessment of the evidence. *Pugh v. Bowen*, 870 F.2d 1271, 1274 (7th Cir. 1989). Instead, the Court must affirm the decision to deny benefits if the ALJ correctly applied the law and supported the decision with substantial evidence. *Jelinek v. Astrue*, 662 F.3d 805, 811 (7th Cir. 2011). The Supreme Court has defined substantial evidence as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). Stated differently, if reasonable minds could differ as to whether Plaintiff is disabled, the Court must uphold the ALJ's decision to deny benefits. *Books v. Chater*, 91 F.3d 972, 978 (7th Cir. 1996). Importantly, in order for the Court to evaluate the ALJ's analysis, the ALJ must build a "logical bridge from the evidence to his conclusion." *See Clifford v. Apfel*, 227 F.3d 863, 872 (7th Cir. 2000).

## III. Discussion

### a. Step Three

Plaintiff first argues that the ALJ's step three determination was erroneous. At step three, the ALJ determines whether Plaintiff's impairment or combination of impairments is of a severity to meet or medically equal the criteria of an impairment listed in 20 CFR Part 404, Subpart P, Appendix 1. If the claimant's impairment or combination of impairments is severe enough to meet or medically equal the criteria of a listing and meets the duration requirement, the claimant is found to be disabled. As noted, the ALJ found that Plaintiff has the severe impairments of residuals from right breast cancer with reconstructions and iron deficiency anemia, but that these impairments did not meet or equal a listing. Plaintiff's Motion argues that the ALJ erroneously failed to undertake an analysis of medical equivalence.

After discussing the relevant medical evidence, the ALJ found that "no acceptable medical source has mentioned findings equivalent in severity to the criteria of any listed impairment, individually or in combination. Further, the State agency medical consultants opined that the claimant's breast cancer did not meet the severity of any of the listed impairments." (R. 26.) Plaintiff submits that the ALJ should have consulted a treating physician or a medical expert to give an opinion on the issue of medical equivalence. This is not a case, however, where the ALJ relied on his own findings from the medical evidence. The ALJ instead relied on the fact that no treating physician made findings equivalent to the severity of a listing and the State agency medical physicians' opinions. These uncontradicted opinions constitute substantial evidence supporting the ALJ's finding. *See Scheck v. Barnhart*, 357 F. 3d 697, 700 (7th Cir. 2004). Plaintiff has not cited to any medical evidence in the record establishing that Plaintiff's impairments met or equaled a listing and the Court recommends upholding the ALJ's step three determination.

**b.    RFC**

Plaintiff also argues that the ALJ's RFC determination was erroneous. This section of Plaintiff's Motion contains several internal arguments, which the Court will consider in turn.

3

First, Plaintiff asserts that the ALJ ignored evidence of Plaintiff's anemia and fatigue. As an initial note, the ALJ found that Plaintiff's anemia was a severe impairment and included limitations in Plaintiff's RCF accordingly. Plaintiff has not cited any evidence from the record showing that Plaintiff's anemia/fatigue caused greater limitations than those imposed in the RFC. Rather, Plaintiff's treating physicians regularly recommended Plaintiff continue to take iron supplements, but did not suggest any further treatment. (R. 277, 327.) Additionally, Plaintiff argues that the ALJ failed to assess Plaintiff's anemia/fatigue in combination with her reports of severe pain. As with Plaintiff's anemia, however, the ALJ recognized and addressed Plaintiff's limitations caused by her reports of pain. The ALJ specifically accounted for Plaintiff's pain by limiting her ability to push or pull with the right upper extremity and reach overhead with the right upper extremity. Plaintiff has not shown that further limitations were warranted.

Additionally, Plaintiff argues that the ALJ did not establish a rational basis for giving great weight to one of Dr. Gershenhorn's opinions, while giving less weight to a later opinion by Dr. Gershenhorn. In December 2010, Dr. Gershenhorn opined that Plaintiff could stand and/or walk for six to eight hours per day and lift less than ten pounds occasionally, with no other limitations. (R. 720-25.) Then, in January 2013, Dr. Gershenhorn opined that Plaintiff could not stand and/or walk for six to eight hours per day, could lift less than ten pounds occasionally, and could occasionally push/pull, climb and reach overhead. (R. 726-31.) The ALJ gave great weight to Dr. Gershenhorn's December 2010 opinion, but gave less weight to Dr. Gershenhorn's 2013 opinion. Despite Plaintiff's argument, the ALJ gave good reason in support of his decision to give the 2013 opinion less weight. The ALJ properly considered that the 2013 opinion was not supported by the medical evidence, including evidence from Dr. Gershenhorn's examination of Plaintiff the same day his 2013 opinion was given. (R. 30.) Plaintiff walked without difficulty, denied any numbness or tingling and her reflexes and sensation were intact. Plaintiff has not shown that the ALJ erred in giving less weight to one of Dr. Gershenhorn's opinions.

Plaintiff then contends that the ALJ failed to undertake a functional analysis in accordance with SSR 96-8p. SSR 96-8p provides that an RFC is a function-by function assessment. But, "although the 'RFC assessment is a function-by-function assessment,' SSR 96-8p, the expression of a claimant's symptoms and medical source opinions is sufficient." *Knox v. Astrue*, 327 Fed. Appx. 652, 657 (7th Cir. 2009). The ALJ met this standard by thoroughly considering the medical evidence and opinions of record. Plaintiff has not shown any evidence the ALJ failed to consider that would have changed the RFC assessment.

Plaintiff has not shown that the ALJ committed reversible error in his evaluation, and the Court recommends a finding that the ALJ's RFC determination was supported by substantial evidence.

**c.     Credibility**

Finally, Plaintiff argues that the ALJ's credibility determination was patently wrong. "An ALJ is in the best position to determine a witness's truthfulness and forthrightness; thus, this court will not overturn an ALJ's credibility determination unless it is 'patently wrong.'" *Skarbek v. Barnhart*, 390 F. 3d 500, 504-05 (7th Cir. 2004.) Plaintiff properly notes that the reasons for the credibility determination must be specific, supported by the case record and make clear the weight given to the individual's statements and the reasons for that weight. SSR 96-7p.

Here, the ALJ gave specific reasons for his credibility determination in his decision: Plaintiff's hearing testimony was inconsistent with her self-reports to medical providers where Plaintiff frequently reported improvement in her symptoms; Plaintiff did not fully comply with recommended treatment; and Plaintiff admitted she received unemployment benefits until eight months past her alleged onset date. (R. 28, 30.) The ALJ fulfilled the requirements of SSR 96-7p and Plaintiff has not shown that the ALJ's credibility determination was patently wrong.

**IV.    Conclusion**

For these reasons, the Court recommends that Plaintiff's Motion for Summary Judgment **(#19)** be **DENIED**, Defendant's Motion for Summary Judgment **(#22)** be

**GRANTED**, and that the decision to deny benefits be affirmed. The parties are advised that any objection to this recommendation must be filed in writing with the clerk within 14 days after being served with a copy of this Report and Recommendation. *See* 28 U.S.C. § 636(b)(1). Failure to object will constitute a waiver of objections on appeal. *Video Views, Inc. v. Studio 21, Ltd.*, 797 F.2d 538, 539 (7th Cir. 1986).

ENTERED this 3rd day of March, 2016.

> s/DAVID G. BERNTHAL
> UNITED STATES MAGISTRATE JUDGE